
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC 22 A 10: 29

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RAYMOND ABADIE | * | CIVIL ACTION |
| VERSUS | * | NO. 02-2888 |
| CATHERINE NELLUMS, ET AL. | * | SECTION "B"(1) |

### ORDER AND REASONS

The Court, after considering the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge and Plaintiff's objections filed on April 27, 2005 and the supplemental objections filed on June 20, 2005, hereby **AFFIRMS** the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter for the following reasons.

### BACKGROUND

In October 2000, 56-year-old Raymond J. Abadie submitted an application for social security benefits. He contends his disability arose following an injury on October 3, 1987 when he fell into an open manhole. (Rec. Doc. 15 at 1). Following the

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

injury, surgery was performed. Many complications arose and he has undergone several subsequent surgeries. (Rec. Doc. No. 15 at 7). Mr. Abadie has a prior history of back and heart problems beginning in 1967. His October 1987 injury aggravated his prior back injury.

Mr. Abadie was discharged from the Marine Corp for medical reasons in 1968. From the time of his discharge until 1981, he worked as an electrician, (Rec. Doc. No. 15 at 7), carpet buyer, (Rec. Doc. No. 15 at 7), and eventually owned and operated a retail floor covering store (Rec. Doc. No. 15 at 8). In 1989 through 1990 he began buying and selling race horses as a business venture in partnership with his wife. (Rec. Doc. No. 15 at 9). He reports that his back problems prevented him from returning to the flooring business.

In his final decision, the Commissioner of the Social Security Administration denied Raymond Abadie's claim for disability insurance benefits under Title II of the Social Security Act. 42 U.S. C. § 423. Pursuant to 42 U.S.C. § 405(g) (2004), Mr. Abadie seeks judicial review of the Commissioner's decision in this Court. The parties submitted cross motions for summary judgment to the Magistrate Judge, who then issued a Report and Recommendation recommending that the Plaintiff's complaint be dismissed with prejudice. In response, the Plaintiff has submitted Objections and Supplemental Objections to the

Report and Recommendation, which are now before this Court. (Rec. Doc. Nos. 15, 16, & 19).

**B. Plaintiff's Objections**

The Plaintiff raises the following issues in his request for judicial review:

1. What is the period of disability that is at issue in Abadie's claim?

2. Did the Administrative Law Judge (ALJ) properly consider the opinion of Mr. Abadie's treating physician, Bruce Razza, M.D., an orthopedic surgeon?

3. Was the ALJ bound by the expert testimony of the vocational expert?

4. Did the ALJ err with respect to his finding concerning Mr. Abadie's race horse business?

5. Did the ALJ err in finding that Mr. Abadie's allegations concerning his limitations were not totally credible?

(Rec. Doc. No. 15 at 3).

*Issue 1. The period that is at issue in Abadie's claim:*

The application was filed on October 12, 2000. Mr. Abadie seeks disability benefits for the period from one year prior to the application continuing forward. The basis of the claim is that Mr. Abadie became disabled on or about December 31, 1987, the last date in which he was insured and remained disabled, until February 27, 2004, the date of the ALJ's decision. Mr.

Abadie must first prove that he became disabled by December 31, 1987 and that the disability continued for twelve months thereafter.

The ALJ found:

> [T]he medical evidence does not establish the existence of a severe cardiac condition nor does it establish that the claimant's musculoskeletal condition was disabling for 12 consecutive months [following the injury to his back].

(Rec. Doc. No. 15 at 19). The Report concludes that the medical evidence must reveal Mr. Abadie's condition for the twelve months following his October 3, 1987 injury.

### Issue 2. The ALJ's treatment of Mr. Abadie's treating physician:

Dr. Bruce Razza, M.D., was Mr. Abadie's treating orthopedic surgeon following the October 3, 1987 accident. The record suggests that Dr. Razza treated Mr. Abadie prior to the October 1987 accident and performed two surgeries, in December 1987 and March 1988. Mr. Abadie contends that the ALJ did not mention Dr. Razza's three page report in his opinion and failed to give it proper weight.

"Where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence," the ALJ has discretion to assign little or no weight to the evidence of treating physicians relative to other experts. Newton v. Apfel, 209 F.3d 448 (5th Cir. 2000).

Among other concerns, the Magistrate's Report indicates that the doctor's written report is inconsistent with the medical records and, in some cases, contemporaneous medical records were missing. (Rec. Doc. No. 15 at 21). Dr. Razza has no medical records after March 25, 1988, until February 1994 (Rec. Doc. No. 15 at 20), even though his December 2003 report to the ALJ stated he continued to treat Mr. Abadie after the March 1988 surgery (Rec. Doc. No. 15 at 11). In addition, Dr. Razza's written report suggests limitations on Mr. Abadie's activities, but the first complaints of neck pain found in the medical records was in May 1989, after the threshold 12 month time period. The medical records and Dr. Razza's description of Mr. Abadie's limitations are inconsistent. (Rec. Doc. No. 15 at 22). The Magistrate Judge also found that the limitations Dr. Razza describes relate to an accident in 1998. (Rec. Doc. No. 15).

"Because of the shortcomings in Dr. Razza's December 11, 2003 report, the ALJ was not required to give it controlling weight." (Rec. Doc. No. 15 at 22). The Magistrate judge found no error in failing to give controlling weight to the opinion of Dr. Razza.

### Issue 3. ALJ's treatment of the vocational expert's testimony:

When posed with a hypothetical of a carpet salesperson with the ability to lift ten to fifteen pounds occasionally and lighter weights more frequently, the government's vocational

expert testified that Mr. Abadie could not perform his past relevant work. (Rec. Doc. No. 15 at 23). The ALJ further described Mr. Abadie's limitations as being able to push and pull within the lift and carry limits, stand and walk for 6 hours, and sit for 6 hours out of an 8 hour day. (Rec. Doc. No. 15 at 23). The ALJ also found Mr. Abadie could see, communicate, and work in all environments without difficulty and could occasionally engage in all postural movements. (Rec. Doc. No. 15 at 23).

Mr. Abadie, however, testified that as a carpet salesman, he only lifted 10 pounds. (Rec. Doc. No. 15 at 23). In <u>Owens v. Heckler</u>, 770 F.2d 1276 (5th Cir. 1985), the Fifth Circuit upheld an ALJ's decision to reject a vocational expert's opinion in a case where the claimant argued that the expert testimony was arbitrarily ignored. <u>Id.</u> at 1282. The court "found objective medical evidence did not coincide with the hypothetical assumptions posed to the vocational expert" and the opinion was thus immaterial. <u>Id.</u> Similarly, the Magistrate Judge here found that the ALJ's description of the residual functional capacity was supported by substantial medical evidence. (Rec. Doc. No. 15 at 24). As a result of these findings, the ALJ concluded that Mr. Abadie could perform his past relevant work as a salesman. Thus, the Magistrate found that that the ALJ did not err in ignoring the vocational expert's testimony.

### Issue 4. Abadie's race horse business:

Mr. Abadie disputes the ALJ's finding that he owned and operated a horse racing business in 1988, rather than 1989. His tax returns for 1989 indicate he was in the race horse business in 1989. The ALJ's error did not prejudice Mr. Abadie; the Appeals Council acknowledged the ALF's error and found that the buying and selling of horses was not past relevant work. (Rec. Doc. no. 15 at 24).

### Issue 5. Mr. Abadie's limitations:

The ALJ found that it was reasonable to assess some functional restrictions but not to the extent indicated by Mr. Abadie. (Rec. Doc. No. at 25). Mr. Abadie testimony that he could not lift more than five pounds contradicts the medical records, which indicate he was lifting heavy objects in November 1992. (Rec. Doc. No. 15 at 25). He also stated he was taking pain medications from 1987 through 1994, although the medical records show he was not taking any pain medications in March 1988. Finally, Mr. Abadie testified that he had significant heart problems. The medical records do not support such a contention. For example, the medical records indicate he was provided a cardiac catheterization in May 1986, but it did not reveal any significant coronary artery disease. (Rec. Doc. No. 15 at 26). As the Magistrate concludes, "[t]here is substantial evidence to

support the ALJ's finding that Abadie was only partially credible." (Rec. Doc. No. 15 at 26).

## **LAW AND ANALYSIS**

According to federal law, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action" in a district court. 42 U.S.C. § 405(g). In such an instance, judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards are applied. Substantial evidence is such relevant evidence as a <u>reasonable mind </u>might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. <u>Boyd v. Apfel</u>, 239 F.3d 698 (5th Cir. 2001). In applying this standard, we may not re-weigh the evidence or substitute our judgment for that of the Commissioner. <u>See</u> <u>Harris v. Apfel</u>, 209 F.3d 413, 417 (5th Cir. 2000) (quoting <u>Ripley v. Chater</u>, 67 F.3d 552, 555 (5th Cir. 1995) and citing <u>Johnson v. Bowen</u>, 864 F.2d 340, 343-44 (5th Cir. 1988)) (footnotes and quotations omitted).

This Court must affirm the Commissioner's determination

unless we find that 1) the ALJ applied an incorrect legal standard, or 2) that the ALJ's determination is not supported by substantial evidence. <u>Boyd v. Apfel</u>, 239 F.3d 698 (5th Cir. 2001).

Based on the evidence submitted by the parties, a "reasonable mind" could undoubtedly have found that Mr. Abadie was not entitled to Social Security Benefits under Title II of the Social Security Act. 42 U.S.C. § 423.

## **CONCLUSION**

For the foregoing reasons, the Report and Recommendation of the United States Magistrate Judge is **AFFIRMED** adopted as the opinion of the Court.

New Orleans, Louisiana, this 20th day of <u>December</u>, 2005.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE